WEST VIRGINIA HOTEL CORPORATION, *Appellant, Complainant below, and Cross Appellee*, v. E. L. BARBEE and FRED E. FENNO as Clerk of the Circuit Court of Palm Beach County, Florida, *Appellees, Defendants below, Cross Appellants.*

Division A.

Opinion filed April 28, 1931.

*H. J. Quincey* and *L. S. Gaulden*, Attorneys for the Appellant;

*Joe Hatfield* and *Rufus M. Robbins*, Attorneys for the Appellees.

BROWN, J.—This case is in many respects similar to the

case of West Virginia Hotel Corporation v. The W. C. Foster Company, et al., decided during the present term. That case was one wherein the appellant sought to enjoin the issuance of a tax deed and the cancellation of certain assessments by the City of West Palm Beach against appellants property for the years 1926 to 1929 inclusive, as well as the annullment of the entire City tax assessment rolls for each of said years. This case as based upon a bill filed by the same complainant for similar relief against the holder of the tax sale certificates for unpaid State and County taxes, one E. L. Barbee, and against Fred E. Fenno, the Clerk of the Circuit Court of Palm Beach County, and founded upon similar grounds with some exceptions and variations unnecessary to here detail. The court entered an order holding that there was equity in the bill, if complainant would tender or pay into the registry of the court twenty per cent of the taxes levied against its real estate for said years, and that if it complied with this condition within fifteen days the demurrers of the defendant would be overruled and their motions to dismiss be denied, but if complainant failed so to do, the demurrers would be sustained and the temporary injunction theretofore granted would be vacated. From this order the complainant took this appeal, and the defendants also entered an appeal and filed cross-assignments of error to the effect that the court had erred in not sustaining their demurrers to complainants bill unconditionally and dismissing the same.

While some of the allegations of the bill as to the omission of certain classes of property were too vague and general, there were other allegations which gave equity to the bill, if proper payment into court had been tendered, and inasmuch as the demurrers were addressed to the bill

as a whole, the chancellor was justified in making such a conditional order as the one appealed from. We think that under such facts as were sufficiently pleaded in the amended bill in this case, the court was clearly authorized to require such payment into court of twenty per cent of the taxes in question, under section 1008 Comp. Gen. Laws, which section was perhaps not applicable in the suit by this same complainant against the City authorities, involving City taxes, recently decided by this court. The percentage of taxes in question which the court required to be paid in order to uphold the bill can hardly be said to be excessive under the facts alleged.

Testing the assignments of error filed herein by both appellant and cross-appellants, in the light of the principles of law enunciated by this court in the companion case recently decided by this court and hereinabove cited, no error on the part of the chancellor in making the order appealed from is made to appear.

Affirmed.

BUFORD, C.J., AND ELLIS, J., concur.

WHITFIELD, P.J., AND TERRELL, J., concur in the opinion and judgment.

DAVIS, J., disqualified.